UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROBERT EMRICH, § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 1:13-cv-618-SS |
| JP MORGAN CHASE BANK, N.A., § | |
| NDEX TITLE SERVICES, L.L.C. ("NDEX")§ | |
| WENDY ALEXANDER § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW** ROBERT EMRICH, Plaintiff, and file this Original Petition complaining JP MORGAN CHASE BANK N.A. (Chase) and NDEX TITLE SERVICES, L.L.C. ("NDEX") and WENDY ALEXANDER, Defendants, together with their Motion for Temporary Restraining Order and for further injunctive relief against Defendants, and for cause of action would respectfully show:

**1.     DISCOVERY LEVEL** - This lawsuit should be governed by Discovery Level 3, pursuant to Rule 190.4, Texas Rules of Civil Procedure.

**2.     PARTIES AND VENUE** – Plaintiff ROBERT EMRICH is an individual resident of Hays County, Texas.  Defendant, JP Morgan Chase Bank, N.A. is a foreign financial institution doing business in the state of Texas and service of citation may be had by service of process upon its registered agent, CT Corporation System at 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.  Defendant NDEX TITLE SERVICES,

L.L.C. ("NDEX") is a Texas LLC and service of citation may be had by service of process at its offices at 15000 Surveyor Blvd., Suite 100, Addison, Texas 75001. Defendant WENDY ALEXANDER**,** is an individual resident of the State of Texas who may be served at Barrett Daffin Frappier Turner and Engel, LLP, 15000 Surveyor Blvd., Suite 100, Addison, Texas 75001. This is a title suit to real property in Hays County, Texas and venue is mandatory in Hays County District Court.

3. **PROPERTY** – The Real Property description which is the subject of this suit is as follows:

> LOT 17, BLOCK D, SECTION 5A BELTERRA PHASE ONE, SECTIONS 6A & 5A, HAYS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 10, PAGE(S) 302, OF THE PLAT RECORDS OF HAYS COUNTY, TEXAS.

Known as: 220 Brighton Lane, Austin, Texas 78737.

4. **BACKGROUND FACTS** – Plaintiff Robert Emrich purchased the real property at 220 Brighton Lane, Austin, Texas 78737 on June 29, 2006. Robert Emrich financed the purchase with two loans from J.P. Morgan Chase Bank, N.A. (Chase). As security for the loan, both Plaintiffs executed Deeds of Trust in favor of Chase. On September 14, 2009, Plaintiffs refinanced the home loan with Chase, again with Robert signing a note and both Robert and Melody signing a Deed of Trust in favor of Chase. The 2006 note and lien were extinguished. Shortly afterwards, on or about Nov 1, 2009, CHASE transferred the Note to Federal National Mortgage Association ("Fannie Mae"). CHASE has attempted to execute a Trustee's Sale of Plaintiff's property at 220 Brighton Lane, Austin, Texas 78737. CHASE's actions were and are void, as CHASE has no authority to execute such a sale. The foreclosure action is void for lack of authority.[1]

---

[1] Action without authority is **void**.
'A clear distinction is recognized to exist between a sale without authority, and one where there is an authority not strictly pursued; in the former case

There is no general free-floating right to non-judicially foreclose. The power to foreclose without judicial intervention is entirely a creature of contract. *See Scott v. Hewitt*, 90 S.W.2d 816 (Tex. 1936).[2] Texas Property Code, Chapter 51 only allows "mortgage servicers" to foreclose on behalf of mortgagees if those mortgagees and mortgage servicers are otherwise empowered. Assuming, *arguendo*, that the mortgagee Fannie Mae has been properly assigned the Note, and is the owner of the note and deed of trust, it may designate CHASE as a mortgage servicer. The mechanism for such a designation is laid out in Texas Property Code Chapter 51.

> (3) "Mortgage servicer" means the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument. A mortgagee may be the mortgage servicer.

Texas Property Code, 51.0001(3)

Emrich has never been instructed by the "current mortgagee," Fannie Mae, to make payments to CHASE. CHASE is therefore not the "mortgage servicer" as defined in the statute, and is therefore not granted the power by statute to foreclose under 51.0002. The power to foreclose is limited by the Deed of Trust to the "holder of the Note entitled to receive payment under the Note." CHASE is not "the holder of the Note

---

> the sale is void; in the latter the title will pass, and the party injured by the irregular acts of the officer will be left to his remedy against him.' And again: 'The distinction between acts done by an officer without authority, and those done or omitted, in its irregular exercise, has been previously stated. The former are nullities, and confer no right; the latter do not affect the titles acquired under the acts of the officer, unless the purchaser be implicated.'

*Houston Oil Co. v. Randolph*, 251 S.W. 794, 797 (Tex. 1923), citing to *Howard v. North*, 5 Tex. 290 (Tex. 1849); *See also Town of Fairview v. City of McKinney*, 271 S.W.3d 461, 469 (Tex. App. Dallas 2008) (pet denied); *Sydnor v. Roberts*, 13 Tex. 598, 616-617 (Tex. 1855).

[2] Nonjudicial foreclosure is a creature of the terms of the Deed of Trust, and the right arises solely and exclusively therefrom. *Slaughter v. Qualls, 139 Texas 340, 162 S.W. 2d 671*: "A trustee has no power to sell the debtor's property, except such as may be found in the deed of trust, and the powers therein conferred must be strictly construed."

entitled to receive payment under the Note" nor is CHASE the statutory mortgage servicer. CHASE's foreclose sale was therefore without authority, and void *ab initio*.

On September 14, 2009, Plaintiffs refinanced the home loan with Chase, again with Robert signing a note and both Robert and Melody signing a Deed of Trust in favor of Chase. The 2006 note and lien were extinguished. Charles A. Brown was named as Trustee. The copy of the Note provided by Barrett, as counsel for Chase, shows that the 2009 Note has been endorsed in blank by Chase, signed by one Christy Davis, Assistant Secretary. Barrett, NDEX and Chase have sent Notices of Acceleration and Notices of Trustee's Sale to Plaintiff. On January 26, 2012, John Burton, acting as Vice President of Chase, executed a document, prepared by NDEX, purporting to appoint three individuals, including Wendy Alexander, as Substitute Trustee. Thus, NDEX and Chase jointly made the January 26, 2012 document. That Appointment of Substitute Trustee document was filed, and was therefore effective, on February 10, 2012. Prior to the Appointment, however, Chase, acting through Barrett and NDEX had, on January 13, 2012, sent a Notice of Trustee Sale, invoking the names of those substitute trustees, and signed by Wendy Alexander. At the time of the making, presentation and use of that January 13, 2012 document, Wendy Alexander was not a Substitute Trustee and had no authority to represent herself as a Substitute Trustee, and neither NDEX nor Chase had authority to represent her as such. Nonetheless, Chase, NDEX and Alexander did so represent her, and each and all participated in the making, presentation and use of the January 13, 2012 document.

  Defendant Chase had transferred the Note, and consequently its rights to enforce the Deed of Trust, which travels with the Note, prior to the actions it took. Chase's actions put Plaintiff in real danger of double liability, as Chase is claiming authority to enforce a Deed of Trust on a Note it has transferred to another party. That other party may then seek to enforce the Note, though the security has already been unlawfully foreclosed by Chase.

Each and every related document was made, presented and used by NDEX, with knowledge of the fraudulent nature of those documents, and with intent to cause financial harm to Plaintiff by infringing on his property rights.

Each and every related document was made, presented and used by CHASE, with knowledge of the fraudulent nature of those documents, and with intent to cause financial harm to Plaintiff by infringing on his property rights.

The Notices of Substitute Trustee's Sale and Substitute Trustee's Deed documents were made, presented and used by NDEX, with knowledge of the fraudulent nature of those documents, and with intent to cause financial harm to Plaintiff by infringing on his property rights.

Additionally, after the 2009 loan, Robert Emrich became disabled and lost his job. He continued to make payments for over two years, while working with CHASE to modify the loan, unaware that CHASE was no longer the owner of the debt.

**5.  CAUSES OF ACTION –** Plaintiff seeks a declaration under the Texas Declaratory Judgment Act that the alleged foreclosure sale was void and the various related documents are similarly void. Plaintiffs say that Defendant Chase having violated the Tex. Civ. Prac. & Rem. Code §12.002 by making, filing and using the January 13, 2012 document referenced above and other related documents in connection with attempts to foreclose upon Plaintiff's homestead with knowledge of the fraudulent nature of those documents, and with intent to cause financial harm to Plaintiff by infringing on his property rights. Plaintiffs say that they have suffered statutory damages as a result of these actions by Defendants for which they are entitled compensation. They also say that they are entitled to such statutory damages as are allowed under Tex. Civ. Prac. & Rem. Code §12.002.

## PRAYER

WHEREFORE, the Plaintiff respectfully prays that the Defendants JP MORGAN CHASE BANK N.A., and NDEX and WENDY ALEXANDER, be cited to appear and answer and that he have the following relief:

1. Upon final trial, judgment against the defendants for ctual and exemplary or punitive damages, pre- and post-judgment interest as determined by the Court;

2. A declaration that the alleged foreclosure sale was void, and that the documents filed in the county property records purporting to support such a sale are void, fraudulent, false and of no legal effect;

3. The Plaintiff's reasonable and necessary attorneys' fees in prosecuting its claim(s) through trial and, if necessary, through appeal;

4. Attorney's fees and all costs of suit; and

5. Such other and further relief, at law or in equity, to which the Plaintiff may show herself justly entitled.

**Respectfully submitted,**

____/s/ David Rogers_____
**David Rogers, Attorney at Law**
1200 Spyglass Drive, Suite 100
Austin, Texas 78746
(512) 923-6188
(512) 457-0349 (fax)
darogers@aol.com
SBN 24014089

## DECLARATION IN LIEU OF VERTIFCATION PURSUANT TO TEXAS CIVIL PRACTICE AND REMEDIES CODE §132.001

"My name is David A. Rogers. My date of birth is March 13, 1964. My Address is 1201 Spyglass Drive, Suite 100, Austin, Texas 78746. I declare under penalty of perjury that I am the attorney for the Plaintiffs in the above–entitled lawsuit, that I have read the Plaintiffs' Original Petition, and that the facts stated therein are within my personal knowledge and are true and correct.

                ____*/s/ David Rogers*_____
                **David Rogers, Attorney at Law**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served upon all counsel of record via ECF notification and facsimile on this 28 August, 2013:

Wm. Lance Lewis and Travis Lee Richins
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

                ____*/s/ David Rogers*_____
                David Rogers